UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

================================================================

THE UNITED STATES OF AMERICA,

                              **Plaintiff,**                   **Criminal Action Number:**
                                                       **11 Cr. 395-01 (SHS)**

**vs.**

ZHEN GANG LIU,

                              **Defendant.**

================================================================

# DEFENDANT SENTENCING MEMORANDUM

**Aiello & Cannick**
*Attorney for Defendant, Zhen Gang Liu*
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444

# SENTENCING MEMORANDUM

## *Background*

Zhen Gang Liu testified before Your Honor in the trial of United States v. Ah Gui. There, he detailed his criminal activities as well as other aspects of his life. Given that fact and the Probation Report, we are of the mind that Your Honor has great insight into Mr. Liu's life. While we do not wish to be repetitive or laborious, we think it is important that we bring certain items to the Court's attention and amplify others in hopes of the Court gaining an even greater appreciation of Mr. Liu's life.

The defendant is a native of China. He was smuggled into the United States in 1999. Upon his arrival he lived with relatives. He immediately went to work. From 1999 to 2004 he worked in various restaurants performing tasks ranging from kitchen helper to cook. While growing up in China, Mr. Liu was imbued with a tremendous work ethic. However, his family was very poor. In fact, he left school after sixth grade in an effort to help the family with their financial woes. He came to the United States in search of a better life. He arrived here with no money but did in fact possess a strong moral compass along with his work ethic. As mentioned previously, he worked consistently from the time of his arrival until 2004. At some point in 2004 he began hanging out with a group of notorious individuals. He joined these individuals embarking in criminal activities that wreaked havoc upon their community. Again as mentioned previously, Mr. Liu detailed his criminal activity at the trial of United States v. Ah Gui before Your Honor. By no means are we suggesting that he lived a life of a choir boy before meeting

up with these individuals.  In fact, he began to abuse alcohol at the age of 17.  His use of narcotics drugs began however after forming a relationship with these individuals.


## *Extraordinary Acceptance of Responsibility*

From the date of Mr. Liu's arrest, he owned up to all of his wrongdoings.  He proffered with the Government on Day One.  In fact, he disclosed much of his criminal activities to law enforcement days before his actual arrest.  In his proffer sessions, he was completely candid and forthright.  There was never a session or instance where it was "pulling of teeth" to get details from him.  He provided information that led to the conviction of several notorious and extremely violent individuals.


## *The Appropriate Sentence*

In fashioning the appropriate sentence, the Court's challenge is to mete a sentence that is "sufficient but not greater than necessary.  In doing so, the Court must consider the total bent of Zhen Gang Liu's life.  It is our considered view that a sentence of Time Served here is sufficient but not greater than necessary.  However, if the Court finds that some incarceration is appropriate, then we urge this Court to consider home or community confinement.  Such a sentence would afford Mr. Liu the opportunity to begin his path of rehabilitation.


In *Gall v. United States*, 552 U.S. 38, 49-50 (2007), the Supreme Court held that the guidelines provide a starting point for a reasonable sentence, however, a sentencing court "must make an individualized assessment based on the facts presented."  The Court also stated that the

sentencing court cannot "presume that the Guidelines range is reasonable." *Id.* As a result, the sentencing court can use the advisory guidelines to create an appropriate sentence after considering the factors enumerated in 18 U.S.C. § 3553(a). That appropriate sentence may be outside the guidelines range as long as the "justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

## *18 U.S.C. § 3553(a) Factors To Be Considered in Imposing a Sentence*

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

a)   The nature and circumstances of the offense.

Mr. Liu acknowledged and continues to appreciate that he was involved in criminal conduct that was serious and caused great harm to society. Certainly, he is aware that the poor decisions he made resulted in the loss of his liberty and also now presents a great threat of harm to him as well as his family.

b)   The history and characteristics of the defendant.

The Probation Report well documents Mr. Liu's life. He is the product of loving and caring parents. His father worked in a cemetery while his mother attended to the home. He grew up poor but in a loving home. Again, they imbued in him the values of hard work, respect and to do what is right. Mr. Liu, in fact, has demonstrated that he has a tremendous work ethic.

He has worked since the age eleven.  While his education can best be described as poor, he has demonstrated that he can be a productive and hard working member of society.

    2.      The need for the sentence imposed.  18 U.S.C. § 3553(a)(2).

    a)      To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court affirmed a downward variance based upon post offense rehabilitation.  Courts have held that a variance or a downward departure based upon post offense rehabilitation can be sufficient to meet the goals of sentencing: deterrence, incapacitation, and rehabilitation.  *United States v. Cornielle*, 171 F.3d 748 (2d Cir. 1999) (held that defendant's successful effort to rehabilitate himself by his own actions removed the case from the heartland of the more typical cases); *United States v. Boltz*, 88 F. App'x 471 (2d. Cir. 2004) (holding that defendant's rehabilitative efforts can in an appropriate case warrant a downward departure); *United States v. Clay*, 483 F.3d 739 (11th Cir. 2007) (affirming a downward variance 128 months below the guideline range based upon post-offense rehabilitation); *United States v. Hairston*, 502 F.3d 378 (6th Cir. 2007) (finding that a 50% downward variance was reasonable in light of a defendant's exceptional post-arrest rehabilitation).

In *United States v. Ngatia*, 477 F.3d 496 (7th Cir. 2007), the Court affirmed the sentence of a defendant who participated in a wide ranging narcotics conspiracy, recruiting others to work for her to distribute narcotics.  The Court held that the non Guidelines sentence of 84 months

below the Guideline range of 188 to 235 month was warranted because of her post offense rehabilitation that took place in jail; specifically noting that she had taken every course offered to her in the Metropolitan Correctional Center and received certificates of completion. *Id.* at 501.

Here, Mr. Liu has demonstrated his exceptional acceptance of responsibility. He has expressed remorse, pled guilty, and provided substantial assistance to the Government.

b)     To afford adequate deterrence to criminal conduct.

As noted above, Mr. Liu fully appreciates the consequences of his conduct. He does not express remorse because he was caught. Rather, Mr. Liu expresses remorse because of the impact that his arrest and subsequent conviction has had and will continue to have on his family, as well as himself.

c)     To protect the public from further crimes of the defendant.

Mr. Liu comes from a family that has a long history of productivity. They are all model citizens in their respective community. Mr. Liu's conduct is in opposite of his upbringing. His criminal behavior was a complete shock to all of them. There is no reason to believe that a non guidelines sentence will not meet the requirement of this sentencing factor. In fact, Mr. Liu has demonstrated a complete willingness to comport with the mandates of society while incarcerated for these many months, he has not been charged with any prison infraction.

3.     The kinds of sentences available. 18 U.S.C. § 3553(a)(3).

The United States Court of Appeals for the Second Circuit stated in *United States v. Jones*, 460 F.3d 191, 194, that "[w]ith the entire Guidelines scheme rendered advisory by the

Supreme Court in *Booker*, the Guidelines limitations on the use of factors to permit departures are no more binding on sentencing judges than the calculated Guidelines ranges themselves."

The Court then stated that "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's sense of what is a fair and just sentence under all circumstances." *Id.* at 194. Thus, while the Court must make a determination that takes the Guidelines into account, the Court is not prohibited from looking at the facts and circumstances of Mr. Liu's particular set of circumstances and fashioning a reasonable sentence that is individualized yet sufficient, but not greater than necessary to accomplish the goals of sentencing.

The fourth, fifth, sixth and seventh factors require that the Court consider the sentencing guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution.

## *Conclusion*

There is good in Zhen Gang Liu. Prior to his involvement in the instant offense here, he demonstrated that he can be a productive member of society. His cooperation and comportment while incarcerated shows that he has taken steps to regain his moral compass; and get back on track on doing those things that were expected of him. He is keenly aware of the ramifications of his conviction. With his release, he plans on joining his sisters and mother and get on about the business of trying to reclaim his life. He intends to surround himself with only those individuals who are supportive and positive as well as being productive in society.

We contend that Mr. Liu does not need to spend another day locked in jail.  It is our sincere belief that given the group that he testified against and their international reach, Mr. Liu and his family will forever be in a mental prison.  We urge Your Honor to show him favor.  We recommend that he be sentenced to Time Served.

Thank you for your consideration.

By: 

Deveraux L. Cannick  
*Attorney for Defendant, Zhen Gang Liu*  
Aiello & Cannick  
69-06 Grand Avenue  
Maspeth, New York  11378  
(718) 426-0444  
Bar No. DLC1509